IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| KENJA CARMICHAEL, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 16-03370-CV-S-BCW |
| | ) | |
| LINDA SANDERS, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners ("USMCFP"), petitions this Court for a writ of habeas corpus in which he challenges his confinement pursuant to 28 U.S.C. § 2241.[1] The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because the petitioner's claims are without merit, it is **RECOMMENDED** that the petition be **DISMISSED**.[2]

**I.      Background[3]**

Petitioner challenges his civil commitment pursuant to 18 U.S.C. § 4246. On June 11, 2015, Petitioner was committed to the custody of the Attorney General pursuant to the final provision of 18 U.S.C. § 4241(d) for further mental evaluations pursuant to 18 U.S.C. § 4246 by the United States District Court for the District of Minnesota. *See United States v. Carmichael*, 15-3310-CV-S-MDH, Doc. 1-1 (W.D. Mo. July 24, 2015). On June 23, 2015, Petitioner was

---

[1] The undersigned notes that Petitioner was recently conditionally released pursuant to 18 U.S.C. § 4246(e) and is no longer confined at USMCFP. *See United States v. Carmichael*, 15-3310-CV-S-MDH, Doc. 33 (W.D. Mo. February 24, 2016).

[2] Rules Governing Section 2254 Cases may be applied to habeas corpus actions filed under § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases. Rule 4 of these rules directs the district court to conduct a preliminary review of a habeas petition, and provides that "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]" *See* Rule 4, Rules Governing Section 2254 Cases.

[3] The facts in this section are taken from the record in the instant action and in Defendant's civil commitment case, *United States v. Carmichael*, 15-3310-CV-S-MDH (W.D. Mo.).

examined by a risk assessment review panel at the USMCFP which consisted of: Randy Brandt, Ph.D., Chief of Psychology at the USMCFP; Robert Sarrazin, M.D., Chief of Psychiatry at the USMCFP; and Angie Conover, LCSW at the USMCFP. *Id.* at Doc. 1-2. The panel attempted to interview Petitioner, but noted that "he consistently rejected [their] efforts to inform him about the nature of his evaluation or the ways in which the information could be used." *Id.* The panel further indicated that Petitioner was "routinely observed by mental health, medical, and correctional staff members" but refused to engage with certain panel members or complete any psychological testing. *Id.* In addition to their interactions with Petitioner, the panel also reviewed a number of documents from Petitioner's criminal cases, as well as several forensic reports and evaluations of Petitioner by mental health professionals from Bureau of Prisons facilities. *Id.* Based on the review this information as well as observation of Petitioner, the panel opined that Petitioner was suffering from schizophrenia, as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another, and for which he required care and treatment in a suitable psychiatric hospital. *Id.*

On July 24, 2015, the Government filed a Petition to Determine the Present Mental Condition of an Imprisoned Person as to Petitioner. *Id.* at Doc. 1. On August 28, 2015, Petitioner's counsel for his civil commitment case filed an independent psychological evaluation report by Dr. Kenneth Burstin, Ph.D. *Id.* at Doc. 10. Dr. Burstin's report noted that Petitioner was unwilling to be interviewed by him and therefore he had "no direct data by which to assess whether he meets criteria for commitment provisions" under 18 U.S.C. § 4246. *Id.* However, he also summarized the information he had regarding Petitioner's criminal history and other mental health professional evaluations. *Id.*

2

On September 8, 2015, the undersigned held a hearing regarding Petitioner's civil commitment. *Id.* at Doc. 12. Petitioner was not present for the hearing, though is attorney was. *Id.* During the hearing, the Court heard testimony from USMCFP case manager Peter Hill. *Id.* Mr. Hill testified that he attempted to bring Petitioner to the hearing on the morning of September 8, 2015, but Petitioner indicated to him that he did not wish to come to the hearing. *Id.* On September 21, 2015, the undersigned entered a Report and Recommendation stating that there was clear and convincing evidence that Petitioner suffers from a mental disease or defect that creates a substantial risk of bodily injury to another person or serious damage to property of another, and recommending that Petitioner be committed pursuant to 18 U.S.C. § 4246.[4] *Id.* at Doc. 13. In support of this conclusion, the undersigned noted the following:

> First, [Petitioner] has a well-documented history of paranoid delusional thoughts, as well as auditory hallucinations. These thoughts and hallucinations often result in aggressive, accusatory, and threatening reactions from [Petitioner], usually directed at the persons in his general vicinity. As the panel noted, such reactions show that "[h]e is at risk for acting irrationally or violently in response to his altered perceptions of the environment[.]" Second, the record indicates that [Petitioner] has been consistently diagnosed with schizophrenia, and yet has been uncooperative in trying to improve his mental state. For example, he has repeatedly refused to give interviews for mental health assessments, and there is no indication that [Petitioner] has ever voluntarily taken psychiatric medication. This information shows that [Petitioner] is unlikely to seek treatment if released. Further, it shows that [Petitioner] also does not have insight into his mental illness. Third, even though [Petitioner] experienced some improvements in his mental state when involuntarily medicated, he continued to exhibit the aforementioned symptoms of a severe mental illness. As such, any treatment or medication regimen would likely not result in improving [Petitioner]'s mental health to the point where he would not exhibit symptoms of a severe mental illness. Therefore, there is clear and convincing evidence of record to show that [Petitioner] suffers from a mental disease that creates a substantial risk of bodily injury to another person or serious damage to property of another, and thus commitment under 18 U.S.C. § 4246 is appropriate.

---

[4] The undersigned also recommended denying Petitioner's pending *pro se* Motion to Dismiss the Petition for Improper Venue. *Carmichael*, 15-3310-CV-S-MDH, Doc. 13 (W.D. Mo. Sept. 21, 2015).

*Id.* On October 5, 2015, the District Court found by clear and convincing evidence that commitment under the provisions of 18 U.S.C. § 4246 was appropriate. *Id.* at Doc. 15.

Petitioner then filed a *pro se* appeal of the District Court's order on April 18, 2016. *Id.* at Doc. 19. The Eighth Circuit dismissed the appeal as untimely on May 9, 2016. *Id.* at Doc. 22.

On September 9, 2016, the Government filed an updated risk assessment panel report. *Id.* at Doc. 28. The panel stated that Petitioner began receiving involuntary injections of antipsychotic medication in February 2016. *Id.* Within a few weeks, his functioning and behaviors had improved. *Id.* By May 2016, his condition had improved to the point that he was able to live in an open population. *Id.* While Petitioner still maintained that he was unjustly incarcerated, "he communicated these beliefs in a calm, appropriate manner and was no longer threatening." *Id.* The panel noted that Petitioner was still being involuntarily medicated, but stated that he complied with his monthly injection, voluntarily participated in weekly therapy group, and interacted appropriately with treatment staff. *Id.* Ultimately, the panel opined as follows:

> . . . [Petitioner] is not a substantial risk to others or the property of others due to mental illness if he were released from this institution, under the conditions identified. As a result, he is being recommended for conditional release by the risk assessment panel. This opinion and recommendation is contingent upon [Petitioner]'s continued compliance with psychiatric medications. Should he stop taking his medication, it is very likely he will become paranoid, aggressive, irritable, and threatening again. As a result, he would then likely be dangerous to others or the property of other due to his acute symptoms of schizophrenia and require psychiatric treatment to mitigate this risk. It is recommended that he remain on the injectable form of antipsychotic medication in the community so his compliance can be closely monitored and he is not responsible for taking a daily pill of the same medicine. It is recommended [Petitioner] abstain from alcohol or drugs, as these substances would further increase risk for future dangerousness. The risk assessment panel is of the opinion [Petitioner] does not pose a significant danger to others or the property of others as a result of his mental illness while he remains complaint with psychiatric treatment.

*Id.*

4

On September 13, 2016, Petitioner filed the instant Petition for Writ of Habeas Corpus. As grounds for relief, Petitioner alleges that his incarceration is unlawful because: (1) the Court's civil commitment order is not supported by evidence that his mental illness causes him to be a danger to others or the property of others; (2) his civil commitment pursuant to 18 U.S.C. § 4246 was based upon the opinions of doctors who did not examine him; and (3) once evaluated, the doctors at USMCFP concluded that he was suitable to be released. (Doc. 1.)

On February 17, the Government filed a Motion for Conditional Release, requesting that Petitioner be conditionally released under a prescribed regimen of medical, psychiatric, or psychological care and treatment. *Carmichael*, 15-3310-CV-S-MDH, Doc. 29 (W.D. Mo. February 17, 2017). Attached to the Motion were a certificate from the warden requesting Petitioner's conditional release, as well as recommended conditions of release from staff at USMCFP and a release plan from the United States Probation Office. *Id.* at Docs. 29-2. On February 21, 2017, the undersigned held a hearing on this matter. *Id.* at Doc. 30. Petitioner was personally present with his attorney, David Mercer, and the United States was represented by Christina Scofield. *Id.* Petitioner testified that he was aware of the conditions of release and agreed to abide by the conditions to be placed upon his release. *Id.* As a result, on February 23, 2017, the undersigned recommended that the Government's Motion for Conditional Release be granted, and that Petitioner be conditionally released pursuant to the conditions enumerated in the exhibit attached to that Motion. *Id.* at Doc. 32. On February 24, 2017, the District Court adopted the undersigned's report and recommendation, and ordered that Petitioner be conditionally released under the provisions recommended in the exhibit attached to the Government's Motion for Conditional Release. *Id.* at Doc. 33.

II. **Conclusions of Law**

Article III of the U.S. Constitution allows the federal courts to adjudicate only actual, ongoing cases and controversies. *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) ("Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies.") (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) and citing U.S. Const. art. III, § 2, cl. 1). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Haden*, 212 F.3d at 466). As has been explained by other courts, except in some limited circumstances, habeas corpus petitions are generally moot after a petitioner has been released:

> As long as a habeas corpus petitioner remains incarcerated, his claims cannot be moot, because a writ of habeas corpus can provide meaningful relief – namely release from custody. Once the petitioner is released from custody, however, his case becomes moot, unless he can show that a writ of habeas corpus would still provide him some benefit. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L.Ed.2d 43 (1998) ("Once the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence' of the conviction-must exist if the suit is to be maintained.")

*Woodard v. Fondren*, No. CIV. 08-194 (ADMJJK), 2008 WL 5214396, at *2 (D. Minn. Dec. 12, 2008).

In this case, Petitioner contends that he was unlawfully detained because: (1) the Court's civil commitment order is not supported by evidence that his mental illness causes him to be a danger to others or the property of others; (2) his civil commitment pursuant to 18 U.S.C. § 4246 was based upon the opinions of doctors who did not examine him; and (3) once evaluated, the doctors at USMCFP concluded that he was suitable to be released. (Doc. 1.) However, since filing this petition, Petitioner has been conditionally released. Because Petitioner has already been released, it would serve no useful purpose to consider whether he was unlawfully detained

and medicated. Moreover, there are no collateral consequences associated with the instant Petition, as it alleges violations specific to Petitioner and his confinement at USMCFP. Reconsidering those issues now would afford Petitioner no meaningful benefit. Therefore, Petitioner's Petition is now moot because there is no live case or controversy to be resolved here. *See*, *e.g.*, *Woodard*, 2008 WL 5214396, at *2 (citing cases concluding that habeas corpus petitions were moot when the petitioner has been released).[5]

### III. Recommendation

For the foregoing reasons, it is hereby **RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus, (Doc. 1), be **DISMISSED as moot**.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: March 3, 2017

---

[5] Even assuming *arguendo* that the Court did have a live case or controversy, this Petition should still be dismissed. As discussed, the Court cited his diagnosis of schizophrenia and several acts of aggressiveness or violence, as well as his criminal history with weapons and drugs. *See Carmichael*, 15-3310-CV-S-MDH, Docs. 13 and 15. Ultimately, it concluded that there was clear and convincing evidence showing that commitment pursuant to § 4246 was appropriate. *Id.* at Doc. 15. The Court's conclusion comported with the evidence and statutory requirements; and therefore his commitment was constitutional. *See United States v. Evanoff*, 10 F.3d 559, 563 (8th Cir. 1993) ("Involuntary commitment under the terms of section 4246 does not violate due process.") (citation omitted).

Moreover, the evidence of record shows that Petitioner repeatedly refused to be seen by evaluators and the Court during the proceedings on the petition for civil commitment under § 4246. *See Carmichael*, 15-3310-CV-S-MDH, Docs. 1-1, 10, and 13. He had the opportunity to present himself for evaluation and to the Court for the § 4246 commitment proceedings, but declined to do so. Petitioner's due process rights were not violated by his refusal to participate in the proceedings. *See*, *e.g.*, *Birdwell v. Hazelwood Sch. Dist.*, 491 F.2d 490, 495 (8th Cir. 1974) (due process ensures "the opportunity to be heard, at a meaningful time and in a meaningful manner," and therefore a party's due process rights are not implicated when he voluntarily refuses to participate in proceedings) (internal citation and marks omitted); *see also United States v. Williams*, 299 F.3d 673, 677-78 (8th Cir. 2002) (finding of substantial risk for commitment supported by evidence and defendant's refusal to participate in mental health assessment).

Additionally, Petitioner's due process rights were not violated after the panel concluded he was suitable for conditional release but continued to detain him, because the Government had to first ensure that conditional release could be accomplished. The Government sought his conditional release as soon as the mental health professionals at the USMCFP had a release plan for Petitioner with suggested conditions of release and received the appropriate certificate from the warden. *See Carmichael*, 15-3310-CV-S-MDH, Doc. 29 and attachments (showing that recommended conditions of released were finalized on February 8, 2017 and the certificate from the warden was received on February 15, 2017). Petitioner was then conditionally released after the Court held a hearing on the Motion and entered an order regarding his conditional release. *Id.* at Docs. 30, 32, and 33. Such a procedure does not run afoul due process protections. *See* 18 U.S.C. § 4246(e)(2) (explaining conditional release procedure).

7